UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CASTILLO, *individually, on behalf of all other similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>TRINITY SERVICES GROUP, INC.,<br><br>Defendant. | No.  1:19-cv-01013-DAD-EPG<br><br>ORDER REQUIRING PARTIES TO SUBMIT ADDITIONAL EVIDENCE REGARDING AMOUNT IN CONTROVERSY<br><br>(Doc. No. 16) |

This matter is before the court on plaintiff's motion to remand this class action to Kern County Superior Court, where it was initially filed on May 28, 2019.  (Doc. No. 16.)

On July 25, 2019, defendant timely removed this action to this court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  (Doc. No. 1.)  On March 3, 2020, plaintiff filed the pending motion to remand this action to state court, contending that defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA.  (Doc. No. 16. at 3.)

Consistent with the Ninth Circuit's opinion in *Ibarra v. Manheim Invs. Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015), the court will now order the parties to submit additional evidence related to the amount in controversy in this action.

In *Ibarra*, the defendant removed a wage and hour class action to federal court based on CAFA jurisdiction and justified its calculation of the amount in controversy by relying on a

1

declaration from its senior director of employee services. 775 F.3d at 1198. However, the defendant there "relied on an assumption about the rate of its alleged labor law violations that was not grounded in real evidence," and the plaintiff contested that assumption "but did not assert an alternative violation rate grounded in real evidence, such as an affidavit by [plaintiff] asserting how often he was denied meal and rest breaks." *Id*. at 1199.[1] Faced with this record, the Ninth Circuit remanded the case back to the district court "for both sides to submit proof related to the disputed amount in controversy." *Id*.; *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014) (holding that when the defendant's assertion of the amount in controversy is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied").

In remanding the matter to the district court in *Ibarra*, the Ninth Circuit gave further guidance that "[u]nder the preponderance of the evidence standard, if the evidence submitted by both sides is balanced, in equipoise, the scales tip against federal-court jurisdiction." *Ibarra*, 775 F.3d at 1199. However, subsequently the Ninth Circuit has also noted, "[w]here a removing defendant has shown potential recovery '*could* exceed $5 million and the [p]laintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less,' the defendant 'has borne its burden to show the amount in controversy exceeds $5 million.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

Here, defendant has submitted some evidence in the form of a declaration from Khadeeja Morse, defendant's Chief People Officer, (Doc. No. 22-1) and plaintiff has not submitted any evidence in connection with his motion to remand. Ms. Morse's declaration includes approximations of the number of non-exempt, hourly employees in California, the number of workweeks, the number of pay periods, the average hourly rate of pay, and the number of

---

[1] To justify the amount in controversy calculation, the defendant in *Ibarra* "relied on a declaration of its senior director of employee services and administration, which had a table listing all of its non-exempt employees and their corresponding number of shifts worked in excess of 5 hours and 3.5 hours during the relevant class period." *Id*. at 1198. The Ninth Circuit held that this was not sufficient and "vacate[d] and remand[ed] because neither side has submitted proof regarding the violation rate." *Id*. at 1195.

employees terminated. (Doc. No. 22-1 at ¶¶ 6–12.) However, it is not clear where these approximations came from or what they are based on. Although Ms. Morse declares that she has "personal knowledge of each of the matters set forth below," and that she has "access to the personnel and payroll information for [defendant's] employees in California, such as the number of employees and their payroll records," (*id*. at ¶¶ 1, 4), Ms. Morse does not declare that she has actually reviewed any personnel or payroll records. Moreover, Ms. Morse does not describe those records and the information contained therein, or otherwise explain how the amounts were approximated. In addition, because Ms. Morse does not address the violation rate, her declaration is quite similar to the declaration in *Ibarra* that the Ninth Circuit found to be insufficient to establish the required amount in controversy. *See Ibarra*, 775 F.3d at 1199.

Rather than reach a determination on plaintiff's motion to remand based on the evidence submitted thus far, the court finds it prudent and consistent with Ninth Circuit precedent for the parties to submit additional evidence addressing the violation rate and the disputed amount in controversy to assist the court in making that determination under the legal standards set out above.

Accordingly, the parties are ordered to submit any additional evidence they wish to submit regarding the amount in controversy in this action within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

Dated:  **June 3, 2020**              /s/ Dale A. Drozd
                                      UNITED STATES DISTRICT JUDGE

3